UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEWAYNE ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>R. PEREZ,<br><br>    Defendant. | No. 2:17-cv-1384-TLN-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The court previously recommended that this action be dismissed for failure to either pay the filing fee or submit an application to proceed in forma pauperis. ECF No. 6. Plaintiff filed objections to those recommendations (ECF No. 7) and, on September 12, 2017, the court directed him to file an in forma pauperis within thirty days (ECF No. 9). Plaintiff has now done so. ECF No. 11. After review of plaintiff's litigative history, the court concludes that he is a "three-striker" within the meaning of 28 U.S.C. § 1915(g).

    The Prison Litigation Reform Act of 1995 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees; however,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

1

>facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The court takes judicial notice[1] of the following lawsuits previously filed by plaintiff:

(1) Allen v. Social Security Administration, 2:11-cv-04253 UA E (C.D. Cal. Jun. 22, 2011), denying filing of complaint without prepayment of full filing fee after determining that complaint was frivolous, malicious, or failed to state a complaint upon which relief could be granted. *Id.*, ECF No. 2.[2]

(2) Allen v. C.S.P. –Los Angeles County, 2:12-cv-08338 DMG E (C.D. Cal. May 1, 2013), initial complaint dismissed for failure to state a claim and action dismissed after plaintiff failed to submit an amended complaint within the allotted time. *Id.*, ECF No. 12.[3]

/////

---

[1] Judicial notice may be taken of court records. *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir.), *cert. denied*, 454 U.S. 1126 (1981).

[2] The Ninth Circuit has determined that an action that was similarly adjudicated – that is, denied filing without prepayment of full filing fee – constituted a strike. *See O'Neal v. Price*, 531 F.3d 1146, 1155 (9th Cir. 2008).

[3] In a recent decision, the Ninth Circuit held that:

>There is nothing in § 1915(g) that suggests a dismissal for failure to state a claim only counts as a strike when the complaint is obviously unsalvageable on its face. We have previously held that "[l]eave to amend should be granted if it appears *at all possible* that the plaintiff can correct the defect" and that opportunities to amend are "particularly important for the pro se litigant." *Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013) (emphasis added in *Crowley*) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000)). In light of this "longstanding rule," *Lopez*, 203 F.3d at 1130, district courts may routinely give pro se plaintiffs opportunities to amend their complaints regardless of how meritless their claims may appear. A prisoner may not avoid incurring strikes simply by declining to take advantage of these opportunities to amend.

*Harris v. Mangum*, 863 F.3d 1133, 1142-1143 (9th Cir. 2017).

(3) <u>Allen v. Masameno</u>, 2:12-cv-09981 DMG E (C.D. Cal. Feb, 20, 2014), initial complaint dismissed for failure to state a claim and action dismissed after plaintiff failed to submit an amended complaint within the allotted time. *Id.*, ECF No. 19.

The court's review of the above records reveals that on at least three occasions, lawsuits filed by plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (holding that "it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception under § 1915(g).").

Plaintiff has not alleged any facts which suggest that he is under imminent danger of serious physical injury. In his complaint, plaintiff alleges that defendant Perez used excessive force when he shot plaintiff in the genitals. ECF No. 1 at 3-5. This incident is alleged to have occurred well before the complaint was filed[4] and plaintiff does not allege that Perez poses any imminent danger to him.

Because the court finds that plaintiff has not made the requisite showing of "imminent danger" to qualify for an exception to the "three strikes" bar under 1915(g), plaintiff should be denied in forma pauperis status and be required to pay the full filing fee in order to proceed with this action.

Accordingly, it is hereby ORDERED that the August 23, 2017 findings and recommendation (ECF No. 6) are VACATED.

Further, it is RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 11) be DENIED;

/////

---

[4] The complaint was filed on July 6, 2017. ECF No. 1. The excessive force incident underlying the complaint is alleged to have occurred on November 9, 2016. *Id.* at 3.

3

2. Plaintiff be directed to pay the filing of $400.00 in full within fourteen days after any order adopting these findings and recommendations and admonished that failure to timely comply will result in dismissal of this action.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 2, 2018.

                                    /s/ Edmund F. Brennan
                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE